**FILED**

April 27 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0680

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 89N

DOUGLAS R. BOESE,

      Plaintiff and Appellant,

  v.

BRUCE MILLER, et al.,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 09-52
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Douglas R. Boese, self represented, Deer Lodge, Montana

      For Appellee:

          Brenda K. Elias, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  April 8, 2010

Decided:  April 27, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas R. Boese (Boese) appeals from the order of the Third Judicial District Court, Powell County, denying his motion for a preliminary injunction or temporary restraining order (TRO). We affirm.

¶3 The issues on appeal are whether the District Court erred when it denied Boese's motion for a preliminary injunction or TRO, and whether the court erred when it failed to hold a hearing on Boese's motion.

¶4 On October 7, 2009, Boese filed an amended complaint alleging violation of his constitutional rights, negligence, conversion, trespass to chattel, assault, mistreatment, and intimidation. The Defendants are employed at the Montana State Prison and serve as correctional officers. Boese claimed that the Defendants had violated Montana Department of Corrections policy, improperly confiscated Boese's personal property, and retaliated against Boese for filing a grievance.

¶5 Boese filed a motion seeking a preliminary injunction or TRO approximately one month later. On December 10, 2009, the District Court issued an order denying Boese's motion. Boese appeals.

¶6     "District courts are vested with a high degree of discretion to maintain the status quo through injunctive relief." *Cole v. St. James Healthcare*, 2008 MT 453, ¶ 9, 348 Mont. 68, 199 P.3d 810.  We refuse to disturb a district court's decision to grant or deny a preliminary injunction unless a manifest abuse of discretion has been shown.  *Sweet Grass Farms v. Board of County Com'rs*, 2000 MT 147, ¶ 20, 300 Mont. 66, 2 P.3d 825.  A manifest abuse of discretion is one that is obvious, evident, or unmistakable.  *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, 82 P.3d 912.

¶7     The District Court in this case found that Boese had failed to establish a prima facie case for preliminary injunctive relief.  The court determined that Boese "has not shown a failure of the Prison's grievance and review process beyond speculation."  Specifically, the court concluded that Boese had failed to demonstrate that he would suffer irreparable injury without the issuance of a TRO.

¶8     We agree.  Boese has failed to demonstrate that he will suffer irreparable injury before his rights can be fully litigated.  We also conclude that Boese has failed to demonstrate on appeal that the District Court manifestly abused its discretion.  The District Court did not err when it denied Boese's motion for a preliminary injunction or TRO.

¶9     We also conclude that the District Court was not required to hold a hearing on Boese's motion for preliminary injunctive relief because Boese failed to establish a prima facie case for injunctive relief.  A district court need not hold a hearing unless it intends to grant the order for preliminary injunctive relief.  *See* § 27-19-301, MCA ("*Before granting an injunction order*, the court or judge shall make an order requiring cause to be shown, at a

3

specified time and place, why the injunction should not be granted . . . ." (Emphasis added.)).

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit.  The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶11     Affirmed.

/S/ MICHAEL E WHEAT


We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS